**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Perez, | No. CV 08-332-TUC-AWT |
| Petitioner, | **ORDER** |
| vs. | |
| Dora B. Schriro; et al., | |
| Respondents. | |

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, filed on May 30, 2008, by Petitioner Robert Perez, an inmate confined in the Arizona State Prison Complex-Eyman in Florence, Arizona. (Doc. 1.) Respondents filed an Answer on September 25, 2008. (Doc. 12.) Petitioner did not file a Reply.

For the reasons stated below, the Petition is DENIED on the merits. The evidence presented at trial was sufficient to support Petitioner's convictions.

**I.  Factual and Procedural Background**

Petitioner was convicted after a jury trial of one count of attempted sexual conduct with a minor, five counts of sexual conduct with a minor, two counts of attempted child molestation, one count of furnishing obscene materials to a minor, and one count of child abuse. (Doc. 12, p. 8.) The trial court sentenced Petitioner to various terms of imprisonment totaling 185 years. *Id.*

At trial, the state presented evidence that Petitioner had been sexually molesting his daughter, A., over a period of approximately three years. (Doc. 12-2, Ex. I, p. 2.) The molestation came to light in January of 2003, when A. was staying overnight at the house of a friend, C. *Id*. A. told C. of the abuse, and C. told A. that Petitioner had attempted to molest her at school. *Id*. C. reported the abuse to her foster mother, and then the girls called the Child Protective Services' (CPS') abuse hotline. *Id*.

A. reported the abuse to the hotline contact, Lisa Anthony, who filed a CPS report. *Id*., pp. 2-3. A. subsequently met with a CPS case manager, Dawn Bridegroom, who conducted a brief interview. *Id*., p. 3. A. reported that Petitioner had sexually abused her "in the back of his truck," in their home, and in a "shed storage area." *Id*. Bridegroom then contacted the Pinal County Sheriff's Department. *Id*. Sheriff's deputies arranged for a medical examination with Dr. Sudha Chandrasekhar and a forensic interview with Wendy Dutton. *Id*., p. 3.

Dutton conducted a videotaped interview during which A. reported that Petitioner had been molesting her for several years. *Id*. A. described specific instances of abuse that occurred in Petitioner's truck, his bedroom, and a storage room next to their home. *Id*. She also described an incident when he showed her pornographic photographs. *Id*.

A. repeated her allegations against Petitioner to the pediatrician, Dr. Sudha Chandrasekhar, who conducted a forensic medical examination. *Id*. Chandrasekhar found no physical evidence of abuse but testified that that was not unusual considering the amount of time that had passed since the last alleged incident. (Doc. 12-4, pp. 40-45.)

A. was referred to psychotherapist, Donna Davis, with whom she met approximately 35 times. (Doc. 12-2, Ex. I, p. 4.) A. repeated the same allegations to Davis. *Id*. She further reported that she had nightmares about Petitioner and was worried that he would try to "kill their family." *Id*.

At trial, A. recanted all her accusations against Petitioner. *Id*. She admitted that she made those accusations to various individuals, but she said she lied because she was angry at Petitioner for always being away from home. *Id*. She said C. told her what to say. *Id*. The state introduced the testimony of C., Anthony, Bridegroom, Davis, Dutton, and Chandrasekhar

in addition to playing A.'s videotaped interview with Dutton. *Id.* The state also offered evidence that A.'s mother was attempting to reunite the family and refused to believe A.'s accusations "until she got DNA proof." *Id.* Dutton testified generally about why some abuse victims recant their allegations specifically noting that lack of maternal support was a factor. *Id.* C. testified about the sleepover and about the time Petitioner attempted to molest her. *Id.*

Petitioner was convicted of all counts related to his abuse of A.: one count of attempted sexual conduct with a minor, five counts of sexual conduct with a minor, one count of attempted child molestation, one count of furnishing obscene materials to a minor, and one count of child abuse. (Doc. 12, p. 8.) He was also convicted of attempted child molestation of C. *Id.*

Petitioner filed a timely notice of direct appeal arguing: (1) the trial court erred in admitting A.'s videotaped interview without considering its prejudicial effect; (2) there was insufficient evidence of the dates of the alleged incidents; (3) the state failed to prove each element of the offenses beyond a reasonable doubt in light of the fact that A. recanted the allegations she made in the videotaped interview; and (4) trial counsel was ineffective for failing to object to the introduction of the videotaped interview pursuant to Ariz.R.Evid. 403. (Doc. 12, p. 9.) The court of appeals affirmed his convictions and sentences on January 8, 2007. *Id.*, p. 10. Petitioner appealed to the Arizona Supreme Court, but that court summarily denied review on May 31, 2007. *Id.*

On May 30, 2008, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) He raises only one claim: The state failed to prove guilt with sufficiently reliable evidence in violation of due process. *Id.*

Respondents filed an answer on September 25, 2008. They concede the Petition is timely but argue Perez's claim was not properly exhausted and is now procedurally defaulted. In the alternative, they argue the Petition should be denied on the merits. Petitioner did not file a reply.

**II.     Discussion**

     **A.     Legal Standard**

The writ of habeas corpus affords relief to prisoners in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court considered the issues and made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of Cal. ex rel. Cnty. of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [the] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* If the state court denied on the merits but did not explain its reasoning, this Court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied*, 539 U.S. 916 (2003). If the highest state court fails to explain its decision, this Court looks to the last reasoned state court decision. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal review is limited to those issues that have already been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Id.* In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. The petitioner must present the state court with both the factual and legal basis of his claim. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000) or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and should ordinarily be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not fairly presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

A claim that is procedurally defaulted must be denied unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

**B.  Exhaustion**

Respondents argue first that Petitioner's claim was not properly exhausted because although he made the federal nature of the claim explicit in his direct appeal, he did not federalize his motion for a directed verdict before the trial court. (Doc. 12, pp. 18-19.) This argument is unpersuasive. Petitioner made the federal nature of his claim explicit in his brief before the court of appeals. That court addressed his claim on the merits without invoking any procedural bar (assuming one existed). Accordingly, the claim was properly exhausted. *See Chambers v. McDaniel*, 549 F.3d 1191, 1196 (9th Cir. 2008) ("If the [state's highest court] declined to apply the procedural bar that was available to it and adjudicated the claim on the merits, then the claim may proceed.").

Respondents further argue Petitioner did not properly federalize the claim when he presented it to the Arizona Supreme Court. (Doc. 12, p. 20.) However, in Arizona, proper exhaustion requires only that the petitioner raise his claims before the court of appeals. *Swoopes*, 196 F.3d 1008. Thus, Petitioner's claim is properly exhausted, and the Court now turns to the merits.

**C.  Merits**

Petitioner argues his various convictions were based on insufficient evidence. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On review for sufficiency of the evidence "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see*

*also Thompson v. City of Louisville*, 362 U.S. 199 (1960) (a conviction completely lacking in evidentiary support violates the Due Process clause). Petitioner is entitled to habeas relief only if the state court's decision on this matter was contrary to, or an unreasonable application of the *Jackson* standard. 28 U.S.C. § 2254(d)(1); *Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005).

Petitioner argues the evidence against him was not sufficiently reliable in light of the fact that A. recanted her earlier accusations. (Doc. 1, p. 6.) He further notes that the forensic pediatrician found no evidence of sexual abuse and no DNA evidence was found at any of the alleged crime scenes. *Id*.

It does not appear that Petitioner is arguing that the evidence against him would be insufficient if A.'s prior accusations were *believed*. Instead, he seems to argue that A.'s videotaped accusations are insufficient as a matter of law because A. recanted on the stand and her accusations were not corroborated by DNA or medical evidence.

The Supreme Court, however, has never held that prior inconsistent statements introduced for their substantive value must be corroborated before they will be deemed sufficiently trustworthy to establish guilt beyond a reasonable doubt. *See* 28 U.S.C. § 2254(d)(1). Accordingly, the decision of the state court below is not "contrary to or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," and Petitioner's petition should be denied. 28 U.S.C. § 2254(d); *Yarborough v. Alvarado*, 541 U.S. 652, 660-661 (2004) ("For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by this Court refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision.") (punctuation modified).

The closest the Supreme Court has come to discussing this issue appears in *California v. Green*, 399 U.S. 149, 164 n.15 (1970). There, in a footnote, the Court stated that while "considerations of due process . . . *might* prevent convictions where a reliable evidentiary basis is *totally* lacking," the Constitution is not violated "by the admission of a witness' prior inconsistent statement for the truth of the matter asserted." *Id*. (emphasis added).

Assuming *arguendo* that the Court's footnote in *Green* is "clearly established federal law," this Court finds that A.'s prior inconsistent statements were not "totally lacking" in a "reliable evidentiary basis," and therefore due process was not violated by their use in proving the elements of Petitioner's offenses. *See* 28 U.S.C. § 2254(d)(1); *see, e.g., Powell v. Runnels*, 2009 WL 1749013, *9-*11 (E.D.Cal. 2009) (applying the dicta in *Green*); *but see, e.g.,U.S. ex. rel. Wilson v. McAdory*, 2004 WL 524435, *4-*5 (N.D.Ill. 2004) (refusing to apply the dicta in *Green*); *see also Vogel v. Percy*, 691 F.2d 843, 846-47 (7th Cir. 1982) (applying the dicta in *Green* to a pre-AEDPA habeas petition).

As the state court of appeals noted, A.'s prior accusations were repeated "to several witnesses over a substantial period of time." (Doc. 12-2, Ex. I, p. 15.) Her statement to Dutton was videotaped and played to the jury allowing them to judge not only the content of her prior statement but her demeanor as well. *Id*. The state also presented evidence that A.'s mother's lack of support could have explained A.'s recantation. *Id*. C. testified about the sleepover describing A.'s demeanor and the allegations A. made against Petitioner that night. (Doc. 12-3, pp. 106-108.) C. denied telling A. to lie about what Petitioner had done. *Id*.

A.'s videotaped allegations against Petitioner were supported by the testimony of the state's witnesses. Due process was not violated by their use in proving the elements of his offenses. The evidence presented at trial, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to find proof of guilt beyond a reasonable doubt. *See Jackson*, 443 U.S. at 324; *see also Beverly v. Palmer*, 2011 WL 1042662, *11-*12 (D.Nev. 2011) (denying sufficiency of the evidence claim where the victim recanted her initial accusations when she learned her mother would be prosecuted for neglect, but "[t]he victim's accounts were detailed and in re-telling them, the details were never inconsistent," and "[t]wo expert witnesses testified that it was not uncommon for child sexual abuse victims to recant"). The decision of the state court of appeals on this issue was neither "contrary to," nor an "unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

### III.     Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detentions arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a state court judgment. This Court must determine, therefore, if a certificate shall issue. Because neither the Supreme Court nor the Ninth Circuit has explicated the place occupied by the *Green* footnote, *California v. Green*, 399 U.S. 149, 164 n.15 (1970), in the AEDPA's pantheon of "clearly established Federal law," and because what constitutes a "reliable evidentiary basis," for purposes of 28 U.S.C. § 2254(d), to support admission of a prior inconsistent statement as substantive evidence involves the exercise of judgment as to which reasonable jurists can differ, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Court hereby issues a certificate of appealability under 28 U.S.C. § 2253(c) on the only issue decided in this case.

Accordingly,

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Petitioner is **GRANTED** a certificate of appealability.

DATED this 15th day of September, 2011.

_____
A. Wallace Tashima
United States Circuit Judge
Sitting by Designation